IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCO E. TORRES, JR., <br><br> Petitioner, <br><br> vs. <br><br> SCOTT FRAKES, Director, Nebraska Department of Correctional Services; <br><br> Respondent. | 4:17CV3078 <br><br> **ORDER UPON INITIAL REVIEW** |

This matter is before the Court for initial review of petitioner Marco E. Torres, Jr.'s ("Torres") Petition for a Writ of Habeas Corpus ("petition") under 28 U.S.C. § 2254 (Filing No. 1). Under § 2254, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct an initial review of the petition and summarily dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Absent such dismissal, the Court "must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the [Court] may order."

Torres avers he "is incarcerated at Tecumseh State Correctional Institution on Nebraska's death row" pursuant to a judgment of the District Court of Hall County, Nebraska. He challenges the constitutionality of his convictions and sentences for murder, robbery, use of a deadly weapon to commit a felony, and the unauthorized use of a debit card. Torres unsuccessfully sought appellate and state post-conviction relief. The United States Supreme Court denied his petition for a writ of certiorari in his direct appeal on October 1, 2012, and the Nebraska Supreme Court affirmed the denial of his first motion for post-conviction relief on February 17, 2017.

Torres filed another motion for post-conviction relief in state court on June 14, 2017, relying on *Hurst v. Florida*, 577 U.S. ___, 136 S. Ct. 616 (2016), and *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551 (2015). According to Torres, that motion remains pending in state court. Torres "anticipates moving this Court to hold his federal petition in abeyance while the state court reviews these newly arising claims." *See*, *e.g.*, *Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Akins v. Kenney*, 410 F.3d 451, 455-56 (8th Cir. 2005).

Upon initial review of the petition, the Court provisionally finds that summary dismissal is not required in this case, and that the respondent should answer or otherwise respond to the petition. Accordingly,

IT IS ORDERED:
1. The Clerk of Court shall serve copies of this order and the petition to the respondent and the Nebraska Attorney General.
2. On or before July 31, 2017, the respondent shall file a response consisting of either an answer to the petition on the merits of the claims and any affirmative defenses in the manner contemplated by Rule 5 of the Rules Governing § 2254 Cases, or a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Clerk of Court shall set a case-management deadline for this date.
3. Whether filing an answer or a motion for summary judgment, the respondent shall file (1) a pleading entitled "Designation of Relevant State Court Records," describing in detail any records relevant to the petition, and (2) copies of all records described in that designation.
4. If Torres determines that the respondent's designation is insufficient, he shall have ten days to file a motion specifically requesting additional documents and explaining the reasons the documents are relevant to his claims.
5. Whether the respondent files an answer or a motion for summary judgment, Torres shall file any reply within thirty days after service of the respondent's answer or motion.
6. If either party moves for a stay and abeyance of Torres's federal petition pending resolution of Torres's motion for post-conviction relief in state court, such party must file a brief in support addressing the relevant issues

identified in *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), and its progeny.

Dated this 30th day of June, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge