IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCO E. TORRES JR., | |
| Petitioner, | 4:17CV3078 |
| vs. | |
| ROB JEFFREYS, | MEMORANDUM AND ORDER |
| Respondent. | |

Marco E. Torres Jr. ("Petitioner"), a prisoner sentenced to death by the State of Nebraska, filed his petition for habeas relief pursuant to 28 U.S.C. § 2254, and supplement (the "Petition"). (Filing No. 1; Filing No. 28). Petitioner filed a Motion for Discovery (the "Discovery Motion"). (Filing No. 70). Respondent opposed the motion (Filing No. 88) (the "Opposition"), and Petitioner replied (Filing No. 102) (the "Reply"). The Court granted Petitioner's request for oral argument (Filing No. 109), which was held on February 8, 2024. (Filing No. 115). Petitioner filed a supplement (Filing No. 116) following oral argument. After review of the pleadings and papers filed by the parties, the record, and considering the oral argument on the merits of the Petition and the Discovery Motion, the Court orders the parties to supplement their briefing in accordance with this Order.

**I. Relevant Federal Procedural History**

On June 22, 2017, Petitioner filed his petition for writ of habeas corpus with this Court setting forth the following nine claims (the "Petition"):

Claim One: Confidence in the death sentence is undermined by [trial] counsel's ineffective assistance at the sentencing phases of the proceedings, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments, U.S. Constitution.

Claim Two: Nebraska's capital sentencing scheme requiring a three judge panel, not a jury, to make the findings of fact necessary to impose a death sentence, is unconstitutional under the Fifth, Sixth, Eighth, and Fourteenth Amendments, U.S. Constitution; in light of *Hurst v. Florida*, 136 S. Ct. 616 (2016); the statutory scheme is therefore void, and [Petitioner's] death sentence must be vacated.

>Claim Three: [Petitioner's] death sentences rest in part upon the unconstitutionally vague prior conduct aggravating circumstance, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution
>
>Claim Four: [Petitioner's] death sentences are unconstitutional, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments, U.S. Constitution.
>
>Claim Five: [Petitioner's] due process rights and his right to a fair trial were violated when the Nebraska trial court admitted evidence of other criminal acts at his capital trial, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments, U.S. Constitution.
>
>Claim Six: [Petitioner's] attorneys were constitutionally ineffective during the guilt phase of his capital trial and his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution were violated.
>
>Claim Seven: [Petitioner's] right to a fair trial was denied when he was convicted by a conviction-prone biased jury and when the jury convicted based upon improper factors. Trial counsel ineffectively failed to ensure [Petitioner's] right to a fair impartial jury that rendered a verdict based upon properly admitted evidence. The guilty verdicts are a denial of [Petitioner's] rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments, U.S. Constitution.
>
>Claim Eight: The State of Nebraska denied [Petitioner's] rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments when it failed to provide exculpatory and impeachment evidence and committed other misconduct. There is a reasonable probability that the outcome of [Petitioner's] capital trial would have been different.[1]
>
>Claim Nine: [Petitioner] was denied his Fifth Amendment right against self-incrimination when the Nebraska trial court admitted certain statements made after he had invoked his right to silence.

(Filing No. 1 at pp. 2-5) (capitalization corrected and subheadings omitted).

On October 6, 2017, Respondent filed the state court record (Filing No. 16) and his answer (Filing No. 17). On October 16, 2017, Petitioner filed an unopposed motion seeking additional time to file a motion for additional documents in designation of relevant state court record (Filing

---

[1] Claim Eight contains argument that the government failed to provide several different pieces of evidence which Petitioner argues violated *Brady v. Maryland*, 373 U.S. 83 (1963). One subpart of this claim specifically addresses testimonial evidence of Mr. Rodney Gleason which was not presented at Petitioner's trial, which for the purposes of this Order shall be referred to as the "Brady Claim."

No. 18), which the Court granted the following day, granting the extension and requiring Petitioner to explain the reasons the documents are relevant to his claims (Filing No. 19).

On November 6, 2027, Petitioner filed a motion to stay the proceedings (Filing No. 20)[2] and a motion requesting that the Respondent file additional relevant state court documents (Filing No. 21). On December 4, 2027, Petitioner filed a motion to amend his Petition (Filing No. 26). Respondent filed no opposition to Petitioner's motion to amend or motion requesting Respondent to file additional state court documents, and on January 10, 2028, the Court granted both motions. (Filing No. 27). The Court directed Petitioner to file the amendment to the Petition on or before January 19, 2028; set Respondent's responsive pleading deadline for 30-days after the amended Petition was filed; and ordered Respondent to file the additional state court documents by February 28, 2018. (Filing No. 27). Petitioner filed his amendment on January 19, 2018, supplementing Claim Four of the Petition with several additional subparts (the "Supplement"). (Filing No. 28). On February 20, 2018, Respondent filed an answer to the Supplement. (Filing No. 29).

On February 28, 2024, Respondent filed an unopposed motion requesting an extension of time to file the supplemental state court records until the conclusion of the Nebraska Supreme Court review of the denial of Petitioner's successive postconviction motion. (Filing No. 30). The Court granted the motion and stayed Respondent's deadline to file the supplemental state court records until the conclusion of the Nebraska Supreme Court appeal.

On June 29, 2018, the Court granted Petitioner's motion to stay this case pursuant to *Rhines v. Weber*, 544 U.S. 269, 273 (2005). (Filing No. 32). The Court granted two subsequent motions to continue the stay (Filing No. 35; Filing No. 37). On October 19, 2020, the Court lifted the stay after Petitioner notified the Court that the United States Supreme Court denied his petition for certiorari, and ordered Respondent to file a response to the Petition by November 18, 2020. (Filing No. 42). On November 18, 2020, Respondent filed an unopposed motion for an extension of time to file a responsive pleading (Filing No. 43), which the Court granted (Filing No. 44).

On December 21, 2020, Respondent filed an answer to the Petition and Supplement. (Filing No. 45). On January 20, 2021, the Court entered a Progression Order (Filing No. 46), ordering Respondent to file an additional designation of state court records relevant to the Petition

---

[2] The Court notes that while Respondent opposed the motion to stay, (Filing No. 24), the issues raised are not germane to the instant Motion for Discovery, and will therefore not discussthem further in this Order. As such, the Court does not list the multiple extensions filed and granted in relation to the motion for stay briefing.

and Supplement within 60 days. On March 19, 2021, the Court granted (Filing No. 50) Respondent's unopposed motion (Filing No. 49) to extend the deadline to file the additional designation of state court records. Respondent filed the supplement of state court records on April 21, 2021. (Filing No. 51).

On March 31, 2022, Petitioner filed his "initial brief addressing all matters germane to the case and Petitioner's habeas claims pursuant to court order" (Filing No. 69) ("Brief in Support") and the Discovery Motion (Filing No. 70). Respondent filed his Opposition (Filing No. 88) on January 9, 2023, addressing both Petitioner's Brief in Support and the Discovery Motion. Petitioner filed a Reply (Filing No. 102) on December 6, 2023, also addressing both the merits of his Petition and his Discovery Motion. Oral argument on the merits of the Petition and the Discovery Motion was held on February 8, 2024, a recording of which is contained at Filing No. 115. Respondent again supplemented the state court record on February 15, 2024. (Filing No. 120).

## II. Petitioner's Discovery Motion

In his Discovery Motion, Petitioner seeks to conduct discovery to develop the following four issues: (1) to establish evidence to excuse procedural default of ineffective assistance of trial counsel claims under *Martinez v. Ryan*, 566 U.S. 1 (2012), and *Trevino v. Thaler*, 596 U.S. 413 (2013) [3]; (2) to establish evidence to excuse the procedural default of any claims (including but not exclusive of Petitioner's ineffective assistance of counsel claims), via a showing of actual innocence under *Schlup v. Delo*, 513 U.S. 289 (1995); (3) to prove Petitioner's ineffective assistance of trial counsel claims; and (4) to prove the Brady Claim. (Filing No. 70 at p. 6). Petitioner concedes that some of his claims (or their subparts) were procedurally defaulted, but argues he could still develop those claims despite their procedurally defaulted status. (Filing No. 69 at p. 21). Specifically, Petitioner argues that if any claim derived from a procedurally defaulted ineffective assistance of counsel claim, the default of that claim may be excused under *Martinez*, and that any other procedurally defaulted claim may be excused as Petitioner is "actually innocent" of the underlying offense for which he was convicted. (Filing No. 69 at pp 12-21) (citing *Schlup*

---

[3] It appears Petitioner submits this applies to his ineffective assistance of counsel claims set forth in Claims 1, 6 and 7 of his Petition. *See* Filing No. 69 at p. 24.

*v. Delo*, 523 U.S. 298 (1995); *McQuiggin v. Perkins,* 569 U.S. 383 (2013)). Further, Petitioner submits that this Court may consider what this Court presumes are the merits of those procedurally defaulted claims. (Filing No. 69 at pp. 21-22) (seeking discovery "on the issue of ineffective assistance of trial counsel") (capitalizations omitted).

However, after Petitioner filed his Brief in Support and the Discovery Motion, but before Respondent filed his Opposition, the Supreme Court of the United States issued its opinion in *Shinn v. Ramirez*, 596 U.S. 366 (2022). Both parties agree that the *Ramirez* decision altered the landscape under which a federal habeas petitioner may seek discovery and expansion of the record to address certain procedurally defaulted ineffective assistance of counsel claims. See Filing No. 88 at pp. 7-10; Filing No. 102 at p. 2.

In his Opposition, Respondent mainly addresses the merits of Petitioner's claims as presented in Petitioner's Brief in Support, including advancing arguments as to why each of Petitioner's claims and/or subparts are or are not procedurally defaulted. (Filing No. 88 at pp. 2-21). Respondent does briefly address Petitioner's Discovery Motion directly, arguing that the Discovery Motion should be denied in its entirety for the following reasons: after *Ramirez*, Petitioner can no longer rely on *Martinez* and *Trevino* to obtain such "good cause" discovery to excuse any procedurally defaulted ineffective assistance of counsel claim; Petitioner cannot meet the actual innocence standard and therefore is not entitled to conduct any discovery to support an actual innocence claim; and review of all other claims that were before the state courts on their merits must be confined to the state court record.[4] (Filing No. 88 at pp. 6, 21-23) (citing *Jones v. Whitmire*, No. 8:20-cv-275, 2022 WL 2703131 at *16 (D. Neb. July 12, 2022); *Britt v. Frakes*, No. 8:21-cv-474, 2022 WL 4017951 at *2 (D. Neb. Sept. 2, 2022)).

In his Reply, Petitioner acknowledges that the Supreme Court's holding in *Ramirez* altered his position regarding discovery for his procedurally defaulted ineffective assistance of trial counsel claims under *Martinez* and *Trevino*.[5] (Filing No. 102 at p. 2). However, Petitioner submits

---

[4] The Court notes that although Respondent did not specifically argue it in his Opposition, at oral argument Respondent provided additional support for his position that discovery may not proceed on the Brady Claim arguing that, despite Petitioner's contention, the Brady Claim is not "recently discovered," and is therefore also procedurally defaulted. While the additional support was not presented in Respondent's written Opposition, the Court shall address this issue in more detail in this Order.

[5] Petitioner describes the central holding in *Ramirez* as applicable only to a request to expand the record in a federal habeas proceeding on a substantial claim of ineffective assistance of trial counsel that was defaulted due to ineffective assistance of post-conviction counsel (and post-conviction was the petitioner's first opportunity to raise a claim of ineffective assistance of trial counsel). (Filing No. 102 at p. 3) (citing *Ramirez*, 596 U.S. at 382). Petitioner

5

that even considering *Ramirez*, all requested discovery in the Discovery Motion, including discovery to excuse his procedurally defaulted ineffective assistance claims and to prove ineffective assistance of counsel claims, may still proceed under various avenues. (Filing No. 102 at p. 3).

Specifically, Petitioner argues that *Ramirez* did not overrule the equitable rule for finding cause and prejudice under *Martinez* and *Trevino* to excuse procedural default in instances where, such as in his seventh claim addressing his trial counsel's failure to strike biased jurors, the evidence supporting his claim is already contained within the record. Further, Petitioner submits that *Ramirez* also did not alter application of the good cause standard where discovery supports the establishment of actual innocence as a gateway to excuse procedural default. Additionally, Petitioner asserts that *Ramirez* also does not apply to claims where the Petitioner is not "at fault" for a claim's lack of development, such as suppressed or withheld evidence claims like those described in his Brady Claim. (Filing No. 102 at pp. 3-4). And finally, Petitioner contends that to the extent *Ramirez* does preclude discovery for his procedurally defaulted ineffective assistance of counsel claims as well as his Brady Claim, he may still expand the record for those claims under an actual innocence gateway. (Filing No. 102 at pp. 7-10).

**III. Discussion**

As an initial matter, and to be clear, in this Order the Court takes no position on the arguments of the parties as they relate to whether (or not) a claim or subpart is procedurally defaulted, or the viability of the discovery requested. Instead, the Court notes several deficiencies in the parties' briefing requiring clarification for the Court to appropriately address the Discovery Motion. Therefore, the Court seeks additional tailored substantive briefing on several issues discussed below.

**A. Issues Requiring Clarification**

In the Table of Contents of his Petition, Petitioner lists nine claims. (Filing No. 1 at pp. 2-5). Also, from the Table of Contents of the Petition, as well as from Petitioner's briefing, it appears

---

concedes that where he failed to develop facts during the state court litigation in support of such a claim, a federal court may only allow expansion of the record if a petitioner can satisfy the requirements of 28 U.S.C. § 2254(e)(2). *Id.*

that some, but not all, of Petitioner's claims contain subparts. However, due to the inconsistent lettering and numbering of the claims and arguments in the Table of Contents and the section of the Petition addressing each claim, along with a lack of consistent identification of and reference to a specific subpart and the lengthy and substantial briefing submitted, this Court is unable to affirmatively confirm, as it must, which claims and subparts are supported by which arguments in some instances.

For example, in the Table of Contents of his Petition, Petitioner lists Claim One, describing the claim generally as "confidence in the death sentences is undermined by counsel's ineffective assistance at the sentencing phases of the proceedings, in violation of the Fifth, Sixth, Eighth, and Fourteenth Amendments, U.S. Constitution." (Filing No. 1 at p. 2). Immediately following the description of the general claim in Claim One in the Table of Contents, Petitioner lists the following:

> A. Trial counsel ineffectively failed to investigate and present evidence rebutting the evidence offered as aggravation.
>
> B. Counsel ineffectively failed to investigate and present and argue mitigating and proportionality evidence at the determination hearing [as:]
>
>> 1. Counsel conducted almost no investigation for the determination phase of [Petitioner's] trial.
>>
>> 2. Trial Counsel presented almost no evidence at the determination phase of [Petitioner's] capital trial.
>>
>> 3. Trial Counsel's failure to conduct an adequate mitigation and proportionality investigation prejudiced [Petitioner] because the evidence was available and there exists a reasonable probability that the outcome of the penalty phase would have been different if it had been presented.

(Filing No. 1 at p. 2) (some capitalization omitted).

Upon initial review of this claim, the Court would construe Claim One as a general claim of ineffective assistance of trial counsel at sentencing with four subparts (A, B1, B2, and B3), each requiring specific analysis to determine whether a subpart is procedurally defaulted and to address which avenue (or avenues) Petitioner intends to utilize to obtain discovery. However, in comparing the headings in the Table of Contents with the headings and arguments presented in the Petition, the Brief in Support, the Discovery Motion, and the Reply, it is unclear if each subpart constitutes

a separate ineffective assistance of trial counsel at sentencing claim, or if some subparts are merely separate arguments supporting the same claim as asserted in a subpart of Claim One.

In his Opposition, Respondent contends discovery is not available for any part of Claim One. In so doing, Respondent first construes Petitioner's "brief"[6] as arguing all subparts of Claim One were denied on the merits in Petitioner's first post-conviction appeal. (Filing No. 88 at p. 12). And Respondent disagrees with that argument, submitting that only the "claim" regarding trial counsel's "failure to use a mitigation specialist" was rejected on the merits in Petitioner's third state postconviction proceeding, insinuating that the remainder of Claim One was not. (Filing No. 88 at p. 12). However, while it appears to this Court that Respondent's discussion of the mitigation specialist addresses Claim One, Subpart B3, Respondent makes no reference to a "subpart" in his Claim One argument, even though he uses the term subpart when addressing other claims. *Compare* Filing No. 88 at p. at 12, *with* Filing No. 88 at p. 15 (addressing various "subparts" of Claim Four). To complicate matters, because Respondent only addresses the issue presented in what appears to be Claim One Subpart B3, but does not specifically address the arguments presented in Subparts A, or B1 or B2, this Court must assume from his phrasing that he contends only Subpart B3 was addressed on the merits by the state courts and that the remaining Claim One subparts are procedurally defaulted. The confusion is far from the sole fault of Respondent.

In his Reply, Petitioner agrees that he exhausted what Petitioner refers to as the mitigation specialist "section" of his Claim One, and presents further argument addressing the merits of the mitigation specialist "section." (Filing No. 102 at pp. 11-13). Petitioner then addresses what he terms the "remainder" of Claim One under the heading "failure to investigate readily available mitigating factors." (Filing No. 102 at p. 13). In discussing the remainder of Claim One, Petitioner appears to contend it was not fully addressed by the state courts, arguing that he may overcome procedural default under the standard set forth in *Martinez* because the remainder of his Claim One has "some merit." (Filing No. 102 at pp. 11, 13-16.

The resulting confusion stems at least in part because Respondent's Opposition and Petitioner's Reply contain discussion of both the merits of each of Petitioner's nine claims/subparts mixed together with a discussion of the discovery sought. (Filing No. 88; Filing No. 102). The uncertainty is exacerbated as additional argument in support of each claim, especially as it pertains

---

[6] Where there are a multitude of briefs on file in this matter the Court construes Respondent's reference to a "brief" to Petitioner's Brief in Support of his Petition at Filing No. 69.

8

to procedural default, is contained in Petitioner's Brief in Support as well as the Discovery Motion and Reply. However, the majority of the uncertainty results from a lack of clarity as to which claims contain subparts as opposed to multiple arguments in support of a single claim.

In a nutshell, in some instances this Court cannot ascertain whether there is disagreement between the parties regarding whether a claim was procedurally defaulted. More importantly, it is difficult to determine what subparts of each claim the parties are referring to when presenting argument, due to the use of the terms claim, subpart, section, portion, and other nondescript terms interchangeably in their briefing. To resolve these issues, the Court will require supplemental briefing clarifying the issues identified above.

### B. Issues requiring additional substantive briefing

In his Reply, Petitioner concedes that the *Ramirez* decision affected the arguments he presented in his initial Discovery Motion.[7] (Filing No. 102 at p. 3). Specifically, as previously discussed, Petitioner notes that under *Ramirez* a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state court record where a federal habeas petitioner has failed to develop a substantial claim of ineffective assistance of trial counsel that was defaulted due to ineffective assistance of post-conviction counsel (and post-conviction was the petitioner's first opportunity to raise a claim of ineffective assistance of trial counsel). *Id.*

Noting the potential effect of *Ramirez* on the discovery sought, Petitioner clearly takes the position that *Ramirez* does not affect his second basis for discovery: discovery to excuse procedural default via actual innocence. (Filing No. 102 at pp. 3, 5-11). Petitioner also clearly considers Respondent's arguments addressing procedural default and the merits of claims One, Three, Five, Six, Seven, and Eight and/or some of the subparts of those claims. (Filing No. 102 at p. 11-36). However, aside from a short section addressing why Petitioner asserts *Ramirez* does not preclude discovery on the Brady Claim, (Filing No. 102 at p. 32), there is little clear discussion addressing discovery to *excuse* procedurally defaulted ineffective assistance of trial counsel claims and

---

[7] The Court summarizes Petitioner's four bases under which he believed he was entitled to discovery here for ease of reference: (1) to excuse procedurally defaulted claims of ineffective assistance of counsel, (2) to excuse the procedural default of any other claim this court finds procedurally defaulted via an actual innocence "gateway" claim, (3) to *prove* ineffective assistance of trial counsel claims, and (4) to prove the Brady Claim. (Filing No. 70 at p. 6) (emphasis added).

9

discovery seeking to prove his claims of ineffective assistance of trial counsel as referenced in his Discovery Motion, (Filing No. 70 at pp. 6, 21-22).

Due to the lack of clarity regarding Petitioner's current position regarding discovery to excuse procedurally defaulted ineffective assistance of counsel claims and to prove ineffective assistance of counsel claims, and as additional evidence not previously discussed by the parties was presented by Respondent at oral argument regarding the Brady Claim, the Court will require additional briefing.

### i. The Brady Claim

Petitioner seeks discovery for his Brady Claim involving the allegedly suppressed testimony of Mr. Rodney Gleason ("Gleason"), which Petitioner argues would have factually undermined the state's case against Petitioner, impeached several of the state's witnesses, caused the jury to find Petitioner not guilty or guilty of a lesser offence, and supported a sentence of less than death, all in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[8] (Filing No. 1 at pp. 95-96; Filing No. 70 at pp. 23). Petitioner submits he did not learn about the information supporting his Brady Claim until an erroneous disclosure by his prior trial counsel's office to his current habeas counsel.[9] (Filing No. 102 at pp. 31-36). Petitioner therefore contends he is entitled to discovery under the "good cause" standard set forth in *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), arguing that *Ramirez* does not apply because neither he nor his trial counsel is at fault for failing to discover it sooner. (Filing No. 102 at p. 32) (citing *Ramirez*, 596 U.S. at 433; *(Michael) Williams v. Taylor*, 529 U.S. 420 (2000)); (Filing No. 70 at pp. 3-5).

In his Opposition, Respondent argues both that Petitioner already raised his Brady Claim in his first postconviction appeal and that Petitioner's trial counsel was indeed aware of Gleason as a potential witness but failed to interview him, rendering that "subpart of the claim" procedurally defaulted. (Filing No. 88 at p. 20). However, only during oral argument on the Discovery Motion

---

[8] The summary of Gleason's proposed testimony and the government's alleged involvement in the withdrawal of Petitioner's Prior Trial Counsel is provided here only for background and does not constitute finding of facts.

[9] The specific factual background relating to prior trial counsel Denise Frost's ("Frost") and Clarence Mock's ("Mock") withdrawal as set forth in Frost's affidavits and the parties' briefing is not recited here as the parties have adequately informed this Court of both the nature of the Gleason testimony, Frost's representation of both Gleason and Petitioner, and the potential government involvement in Frost's and Mock's withdrawal. The parties need not provide any additional background addressing the nature of Gleason's testimony or the facts leading up to Frost's and Mock's withdrawal unless it is germane to the specific issues to be addressed.

did Respondent also argue that Petitioner's postconviction counsel was aware not only of Gleason as a potential witness, but also of both the reason for the withdrawal of Petitioner's prior trial counsel and the nature of Gleason's testimony, long prior to the filing of Petitioner's federal habeas petition in this Court. Respondent specifically pointed to the following evidence in the record in support of his position: the deposition of Jose Cross (trial witness), (Filing No. 51-18), the 2013 deposition of Peter Blakeslee (trial counsel for Petitioner), (Filing No. 16-34 at pp. 57-90), and the 2014 deposition of Everett Mock, III (pre-trial counsel for Petitioner), (Filing No. 16-34 at pp. 196-233).

In *Williams v. Taylor*, the Supreme Court explained that the question posed by the opening clause of § 2254(e)(2) "is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts." 529 U.S. 420, 435 (2000). "Diligence in this context 'depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue the claims in state court; it does not depend . . . upon whether those efforts could have been successful.'" *Marcyniuk v. Payne*, 39 F.4th 988, 999 (8th Cir. 2022), *cert. denied*, 143 S. Ct. 2617 (2023) (quoting *Williams*, 529 U.S. at 435)). The Eighth Circuit described the Supreme Court's differentiation between a lack of diligence in preserving a *Brady* claim where there were repeated references to a document in the transcript of the prisoner's sentencing proceeding that put the prisoner's state habeas counsel on notice of the document's existence and possible materiality, therefore rendering the claim defaulted, and finding cause and prejudice to excuse a claim's default when the trial record contained no evidence of the potential claim. *Id.* (citing *Williams*, 529 U.S. at 440-43).

While it appears to this Court that some of the evidence cited to by Respondent may support Respondent's position, the issue of both the nature of the evidence presented and reasonable diligence considering the referenced evidence was not adequately addressed by either party. Presuming, for the sake of addressing this Order, that this Court agrees with Petitioner that *Ramirez* does not preclude additional factual development on a recently discovered suppressed evidence claim such as the Brady Claim, the portions of the record pointed out by Respondent at oral argument are particularly relevant. As such Petitioner, shall supplement his brief to specifically address (1) the evidence cited to by Respondent, (2) why this claim is still recently discovered,

11

and (3) any other evidence of record Petitioner believes will support his position seeking discovery in relation to the Brady Claim.[10]

### ii. Discovery to *excuse* any procedurally defaulted claims and *prove* ineffective assistance of counsel claims

In his pre-*Ramirez* Discovery Motion, Petitioner seeks discovery not only to excuse any procedurally defaulted ineffective assistance of counsel claims, but also to "prove his claims of ineffective assistance of trial counsel." (Filing No. 70 at pp. 6, 21-22). Addressing his Discovery Motion post-*Ramirez*, Petitioner appears to concede that under *Ramirez* he is no longer entitled to conduct discovery to excuse his procedurally defaulted ineffective assistance of trial counsel claims under *Martinez* and *Trevino*, as previously argued, due to the failure of his postconviction counsel to raise those claims. But, Petitioner argues that he is still entitled to discovery to excuse "any procedural default . . . in failing to develop claims and evidence before the state court" via a showing of actual innocence. (Filing No. 102 at p. 5) (citing *Schlup v. Delo*, 513 U.S. 298 (1995); *McQuiggin v. Perkins*, 569 U.S. 383 (2013)).

While this Court presumes Petitioner's reference to "any procedural default" includes his defaulted ineffective assistance of trial counsel claims, Petitioner also argues that where "a substantial claim of ineffective assistance of trial counsel has been defaulted by ineffective assistance of post-conviction counsel, any procedural default should still be excused, and the claim presented be considered on the merits, if the evidence supporting that cause and prejudice is already contained within the state court record." (Filing No. 102 at p. 3) (citing to his "ineffective assistance of counsel due to counsel's failure to seek to strike biased jurors" subpart of Claim Seven, as an example of such a claim). However, upon review of Petitioner's Reply, it is unclear to this Court whether Petitioner still seeks discovery to *prove* any procedurally ineffective assistance of claims (as opposed to excusing them), and which procedurally defaulted ineffective assistance claims he contends have support in the record. Put another way, while Petitioner appears to contend that the record supports excuse of at least one of his procedurally defaulted claims, this Court is left to wonder what other procedurally defaulted claim or subpart he also believes is

---

[10] The Court notes that the supplemental briefing shall have no effect on, and therefore need not address, Petitioner's alternative position that even if the Brady Claim is procedurally defaulted that discovery may still proceed to excuse any procedural default via an actual innocence gateway.

supported in the record, and if he still seeks discovery to excuse his procedural defaults and/or "prove" any of his ineffective assistance of counsel claims.

Petitioner's supplemental briefing in response to this Order needs to provide clarity as to the nature of each subpart, Petitioner's position regarding each subpart's status as (or as not) procedurally defaulted, and the numbering of those claims and subparts. However, this Court requires Petitioner to specify in relation <u>only</u> to each ineffective assistance of counsel claims/subparts for which Petitioner seeks discovery, whether Petitioner seeks discovery to excuse procedural default, to prove the claim (or both), and the basis under which he believes he is entitled to discovery to excuse and/or prove each claim or subpart.

## IV. CONCLUSION

To the extent the Court requires clarification regarding the claims at issue in the Discovery Motion, and as the parties both sought leave to supplement their arguments in their briefing and at oral argument, such leave is granted in part and shall proceed within the parameters described below.

1. Petitioner shall file a Three Section supplement on or before **July 26, 2024**, providing the following:

**Petitioner's Section One:**

(A) Petitioner shall provide a numbered list of all claims raised in the Petition and Supplement, and list the subparts of each claim by letter, consistent with the numbered claims previously utilized in the Petition and Supplement.[11]

(B) Following each claim (and where applicable each subpart), Petitioner shall provide a page reference to where the claim is set forth in the Petition or Supplement.

**Petitioner's Section Two:**

Utilizing the numbered claims and lettered subparts provided in Section One, Petitioner shall, ***without presenting any additional supporting arguments***, provide the following information:

---

[11] For example, Claim One of the Petition could be summarized as "Ineffective assistance of trial counsel at sentencing" in lieu of providing the specific language utilized in the Petition for describing that claim, and then list each subpart by letter. However, Petitioner must remain consistent with the numbering of claims previously utilized. Therefore, the ineffective assistance of trial counsel at sentencing claim must remain as "Claim One."

(A) Whether Petitioner seeks discovery on the claim or, where the claim has subparts, each subpart;[12]

(B) Whether he believes each claim or subpart is, or is not, procedurally defaulted, and

(i) If Petitioner contends a claim or subpart *is not* procedurally defaulted, he shall provide a page number reference where it arose in the state court record, listing the docket entry and relevant page numbers;

(ii) If Petitioner contends the claim or subpart *is* procedurally defaulted, he must state whether such a claim has any support in the record or not, and if so, provide docket and page number references to where it arose in the state court record, listing the docket entry and relevant page numbers.

(C) A short phrase describing the legal basis he contends entitles him to discovery for the claim or subpart (e.g., a short phase such as "gateway actual innocence" and/or "good cause – suppressed evidence" is all that is needed).

(D) A list of the discovery sought for each claim or subpart; and

(E) Provide the docket entry and page numbers of where his arguments are found in the record before this Court supporting his position on procedural default, the legal basis for discovery, and the discovery sought.

The Court provides the following as an example of the information requested and the general format in which it is to be provided:[13]

Claim One: Ineffective assistance of counsel.[14]

Claim One, A: Discovery sought: Deposition of Mr. Jones. Procedurally defaulted: Yes. Supported in the state record: No. Basis for discovery: excuse procedural default via gateway actual innocence.. Argument presented at Filing No. 5 at p. 20; Filing No. 26 at 12; Filing No. 47-5 at pp. 5-9.

---

[12] If no discovery is sought on a claim or subpart, Petitioner may simply state "no discovery sought" and need not provide any additional information for that claim or subpart.

[13] The Court notes the documents, page numbers, and other information referenced in this example are fictitious and that these fictitious examples as well as the formatting are provided only to establish a general guide for the Petitioner to use when preparing his supplemental briefing.

[14] Where a claim contains subparts, Petitioner must address each subpart individually and need not provide any information relating to the general claim. Where the numbered claim is freestanding and does not have subparts, Petitioner shall provide the requested information for the numbered claim.

Claim One, B1: Procedurally defaulted: No. Supported in the State Court record: Yes. *See* Filing No. 22-7 at pp. 23-27. Basis for Discovery: good cause. Discovery sought: Deposition of Mr. Smith. Argument presented at [Filing No. 5 at p. 20](Filing No. 5 at p. 20).

Claim One, B2: No discovery sought.

Claim One, C: Procedurally defaulted: Yes. Supported in the state court record: No. Basis for discovery: excuse procedural default via gateway actual innocence. Discovery sought: Deposition of Mr. Jones. Argument at [Filing No. 5 at p. 20](Filing No. 5 at p. 20).

Claim Two: Trial court plain error, denial of limiting jury instruction: No discovery sought.

**Petitioner's Section Three:**

Petitioner shall provide substantive briefing addressing **only** the following as discussed in this Order:

(A) The basis for allowing discovery for Petitioner's Brady Claim, including the documents referenced by Respondent at oral argument as set forth in the section of this Order discussing the Brady Claim and any other portions of the record he deems relevant, and discussing the basis under which he believes he is entitled to discovery and the purpose of the discovery sought (to excuse and/or prove his Brady Claim).[15]

(B) The basis for granting discovery for each ineffective assistance of counsel claim or subpart for which Petitioner seeks discovery. Petitioner shall address both whether Petitioner seeks discovery to excuse procedural default and/or to prove the claim or subpart, utilizing the numbers and letters for claims and subparts he provided in Section One of his supplemental brief, and the legal basis under which he believes he is entitled to discovery for each claim or subpart (including via actual innocence).

2. Respondent shall file a Two Section supplement **within thirty days after Petitioner files his Supplemental Brief**, addressing the following:

**Respondent's Section One:**

Respondent shall provide the following information, addressing Petitioner's list presented in Section Two of Petitioner's supplemental brief:

---

[15] As the parties are in relative agreement regarding Gleason's alleged proposed testimony and how the representation of both Gleason and Petitioner related to the withdrawal of Petitioner's Prior Trial Counsel, the parties need not provide any additional factual detail addressing these issues.

15

>> (A) Whether he agrees with Petitioner's position on procedural default, and where Respondent's procedural default argument is supported in the state record (if applicable) and in his briefing; and
>
>> (B) The location of any argument addressing procedural default and opposing discovery for each claim or subpart in any briefing which he would like this Court to consider when issuing a ruling on the Discovery Motion.

Utilizing the example provided above for Petitioner's supplemental brief Section Two, the Court provides the following as example of the general format in which the requested information is to be provided:

> Claim One, A: Disagree – not procedurally defaulted. Supported in the state record at Filing No. 41-2 at 3–6. Procedural default argument at Filing No. 9 at pp. 5-9. Discovery argument at Filing No. 62 at p. 5.
>
> Claim One, Subpart B1: Agree – not procedurally defaulted. Argument against discovery at Filing No. 9 at pp. 5-9.
>
> Claim One, Subpart B2: N/A – no discovery sought by Petitioner.
>
> Claim One, Subpart C: Agree. No support in the state court record. Argument against discovery at Filing No. 9 at pp. 5-9.
>
> Claim Two: N/A – no discovery sought by Petitioner.

**Respondent's Section Two:**

Respondent shall provide a response to Petitioner's Section Three substantive arguments, addressing only the arguments made by Petitioner in relation to both the Brady Claim and his ineffective assistance of counsel claims.

3. The Court reminds the parties that the arguments of the parties must only relate to the resolution of the Discovery Motion and must be limited to the instructions contained in this Order. **No** additional facts or argument outside of the supplemental briefing expressly ordered here should be made, including any arguments on the merits of any claim or subpart, without prior leave of this Court.

4. To the extent either party requires additional time to comply with this Order or clarification regarding the information requested, all requests for clarification and/or additional time must be made on or before the applicable supplemental briefing deadline.

Accordingly,

**IT IS ORDERED**:

1. Petitioner shall file a Three Section supplemental brief regarding the Motion for Discovery (Filing No. 70) in accordance with the Court's directions above on or before **July 26, 2024**.

2. Respondent shall file a Two Section supplemental brief in accordance with the Court's directions above **within thirty days** after Petitioner files his supplemental brief.

3. To the extent either party requires additional time to comply with this Order or clarification regarding the information requested, all requests for clarification and/or additional time must be made on or before the applicable supplemental briefing deadline.

Dated this 25th day of June, 2024.

BY THE COURT:

United States Magistrate Judge