IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARCO E. TORRES, JR., <br><br>              Petitioner, <br><br>      v. <br><br> ROB JEFFREYS, <br><br>              Respondent. | 4:17CV3078 <br><br> **MEMORANDUM** <br> **AND ORDER** |

On August 27, 2009, a Nebraska jury found petitioner Marco E. Torres ("Torres") guilty of two counts of first-degree murder for the deaths of Edward Hall ("Hall") and Tim Donahue ("Donahue") in Hall's home in Grand Island, Nebraska. *See State v. Torres*, 812 N.W.2d 213, 224, 227 (Neb. 2012). Hall was bound with an extension cord, gagged, suffocated, and shot in the head three times. *See id.* at 225. Donahue was shot in the head and chest at very close range. *See id.* The jury also found Torres guilty of one count of robbery, three counts of using a deadly weapon to commit a felony, and one count of unauthorized use of a financial transaction device based on Torres's theft of Hall's car and debit card after the murders. *See id.* at 224, 226-27.

On January 29, 2010, a three-judge panel sentenced Torres to death for each murder, fifty years each for the robbery and weapons charges, and twenty months to five years for using Hall's debit card, to be served consecutively. *See id.* at 227-28. Torres appealed his convictions and sentences, challenging multiple evidentiary rulings and sentencing findings. *See id.* at 228. The Nebraska Supreme Court found "the jury was improperly instructed about some of the evidence" but concluded the error was harmless. *See id.* at 231-35, 249. The Supreme Court likewise found some merit to one of his arguments about an aggravating sentencing factor but again determined the erroneous finding did not warrant relief. *See id.* at 249.

After his appeal failed, Torres filed his first motion for post-conviction relief in 2013 with the assistance of appointed counsel. *See State v. Torres*, 894 N.W.2d 191, 199 (Neb. 2017). He alleged ineffective assistance of counsel and prosecutorial misconduct. *See id.* at 199-200. The district court denied relief after holding an evidentiary hearing, and the Supreme Court affirmed. *See id.* at 207-208.

In June 2017, Torres filed his second motion for post-conviction relief, alleging his death sentences were unconstitutional under *Hurst v. Florida*, 577 U.S. 92 (2016), and *Johnson v. United States*, 576 U.S. 591 (2015). *See State v. Torres*, 915 N.W.2d 596, 599 (Neb. 2018). The district court did not reach the merits, instead concluding the motion was time-barred. *See id.* (citing Neb. Rev. Stat. § 29-3001(4)). The Supreme Court appointed counsel for his appeal, which primarily focused on procedural issues. *See id.* at 600-01. Upon review, the Supreme Court affirmed "the district court's order dismissing Torres' successive postconviction motion as time barred." *Id.* at 606.

In 2020, the Supreme Court evaluated the district court's denial of Torres's third motion for post-conviction relief. *See State v. Torres*, 936 N.W.2d 730, 731 (Neb. 2020). His third motion followed the Nebraska legislature's repeal of the death penalty by statute and the public's swift rejection of that statute by referendum. *See id.* Torres argued that the passage of the statute changed his death sentence to life imprisonment and that the subsequent reinstatement of his death sentence "was cruel and unusual punishment, violated due process, constituted an unconstitutional bill of attainder that targeted the individuals on death row, and violated separation of powers." *Id.*

The district court denied relief without a hearing "based on the insufficiency" of Torres's allegations. *Id.* The Supreme Court affirmed but for slightly different reasons. *Id.* at 731-33. The Supreme Court reasoned Torres's constitutional claims were based on the false premise that his sentence had been changed from death to life and back to death again. *Id.* at 732-33. According to the Supreme Court, that argument failed because the Supreme Court had decided in *State v. Jenkins*, 931 N.W.2d 851 (Neb. 2019), that the

2

statute at issue had been suspended and repealed before it took effect, so his sentence never changed. *Id.* at 732-33.

As much of that played out in state court, Torres filed a petition for a writ of habeas corpus (Filing No. 1) in this Court on June 22, 2017. *See* 28 U.S.C. § 2254. With leave, he amended his petition shortly thereafter (Filing Nos. 26, 27, and 28), ultimately asserting nine claims for relief. After completing an initial review and ordering a response (Filing No. 11), the Court referred this matter to the magistrate judge[1] for review. *See* 28 U.S.C. § 636(b) (authorizing such referrals).

After years of abeyance in this case (Filing Nos. 20, 32, 35, 37, 40, and 42), Torres moved (Filing No. 70) on March 31, 2022, "for leave to conduct discovery to develop material facts supporting and demonstrating his entitlement to relief on the basis of his denial of constitutional rights as detailed in his" amended petition. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997) (noting that habeas petitioners are "not entitled to discovery as a matter of ordinary course," but that a judge has discretion to grant leave to conduct discovery "'for good cause shown'" (quoting Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts)). According to Torres, he has shown good cause to conduct targeted discovery to find evidence to (1) "excuse procedural default under *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013)," (2) "excuse any procedural default where that procedural default may be excused by a showing that he is "actually innocent" under *Schlup v. Delo*, 513 U.S. 298 (1995)," (3) establish "ineffective assistance of trial counsel," and (4) show "the prosecution failed to turn over exculpatory and impeachment evidence." Torres states he will use whatever probative evidence he finds to ask for an evidentiary hearing.

Having taken over as Director of the Nebraska Department of Corrections, respondent Rob Jeffreys (the "respondent") opposes Torres's petition and his concomitant

---

[1] The Honorable Michael D. Nelson, United States Magistrate Judge for the District of Nebraska.

3

request for discovery (Filing Nos. 88, 112, and 113). He likens the latter "to searching for ways to revive a dead horse."

On Torres's request (Filing No. 103), the magistrate judge set the matter for oral argument (Filing Nos. 109 and 110) over the respondent's objection (Filing No. 106) due to the complexities in the case and the challenging legal landscape in capital habeas cases. He gave each party thirty minutes to present their respective positions and allowed them to supplement the record for Torres's petition (Filing Nos. 114, 115, 116, 117, 118, and 120).

After argument, the magistrate judge ordered additional briefing (Filing No. 121). Each party complied (Filing Nos. 124, 125, and 126). In addition to supplementing "his basis for arguing his right to discovery for each" of his claims (Filing No. 124), Torres clarified he generally "seeks discovery to show that he has cause for not discovering the evidence in the state court proceedings that could have been provided by [witness] Rodney Gleason [("Gleason")]." Evidence he contends was improperly suppressed by state prosecutors and an Assistant United States Attorney to create a conflict of interest for Torres's first defense attorneys, Denise Frost ("Frost") and Clarence Mock ("Mock").

On February 21, 2025, the magistrate judge issued a Memorandum and Order (Filing No. 128) denying Torres's discovery motion. *See* Fed. R. Civ. P. 72(a). He concluded Torres "is not entitled to discovery for any of the claims discussed in" his discovery motion, "regardless of whether or not they were procedurally defaulted." Starting with Torres's ineffective-assistance claims, the magistrate judge found that reasonably diligent trial and post-conviction counsel would have understood Gleason's potential value as a witness for Torres's defense and obtained evidence from him "much sooner than after he filed the instant federal habeas petition."

Turning to Torres's claim based on the prosecution's purported withholding and suppression of the Gleason evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), the magistrate judge noted "there is no *Brady* violation if the defendant knew or should

4

have known the essential facts permitting him to take advantage of the information in question, or if the information was available to him from another source." *United States v. Graham*, 484 F.3d 413, 417 (6th Cir. 2007) (quoting *Carter v. Bell*, 218 F.3d 581, 601 (6th Cir. 2000)). Based on the record, the magistrate judge decided that all of Torres's counsel after Frost and Mock withdrew could have—with the exercise of reasonable diligence—obtained the contested evidence "from an alternative source: Gleason himself." The magistrate judge concluded that the ready availability of the information from Gleason himself meant "there was no suppression of evidence and therefore no claim under *Brady*."

Finally, the magistrate judge concluded Torres was not entitled to discovery "under the gateway of actual innocence" described in *Schlup*. In doing so, the magistrate judge rejected Torres's argument that the potential testimony from Gleason and the government's "weak" case established that he was "actually innocent" of his crimes of conviction. Though the magistrate judge agreed with Torres that the evidence from Gleason would have strengthened his defense, he found that was "a far cry from establishing that no juror acting reasonably would find [Torres] guilty beyond a reasonable doubt" upon hearing such evidence. *See Schlup*, 513 U.S. at 329 ("[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

Before the Court are Torres's timely objections (Filing No. 129) to the magistrate judge's Memorandum and Order. *See* Fed. R. Civ. P. 72(a); NECivR 72.2(a). Torres maintains he "has shown good cause to conduct the requested discovery in order to learn the extent of [his] former attorneys' knowledge of Rodney Gleason as well as the suppression of his potential testimony by state actors." In particular, Torres objects to the magistrate judge's "conclusion that diligent trial and post-conviction counsel could have discovered [the Gleason] evidence on their own." In Torres's view, the record is far from as clear as the magistrate judge found it to be, leading him to (1) assume trial counsel knew more than they did about Gleason and his potential testimony, (2) rely too much on his

5

conclusion that Torres's state post-conviction counsel "had notice that . . . Gleason was the cause of Frost and Mock's conflict of interest," and (3) mostly ignore "the role the State played in suppressing Mr. Gleason's testimony."

Based on that alleged suppression, Torres "also specifically objects to the [magistrate judge's] denial of discovery on the *Brady* claim" based on the availability of "Gleason himself" as an alternative source of evidence. Torres asserts, "The State's aggressive tactic at shielding the evidence from successor counsel must also be considered in this Court's calculation of trial and post-conviction counsel's failure to uncover it."

Finally, Torres "objects to the [magistrate judge's] finding that [he] has not met the requisite showing for excusing any procedural default through the actual innocence gateway." Torres contends that the evidence presented at his trial was unreliable, unfair, tainted, and weak. He believes that had the jury "been presented with trustworthy evidence that would have undermined the credibility of the State's essential witnesses, no reasonable juror would have voted to convict." For him, letting his conviction and death sentence stand—without at least the opportunity to conduct discovery—"represents a miscarriage of justice."

District courts have broad discretion in deciding discovery motions. *See Bracy*, 520 U.S. at 904, 908-09; *Newton v. Kemna*, 354 F.3d 776, 783-84 (8th Cir. 2004) (discussing *Bracy* and 28 U.S.C. § 2254 Rule 6(a)); *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993) (per curiam). To prevail on his objections, Torres must show the magistrate judge's decisions are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); *Bialas v. Greyhound Lines, Inc.*, 59 F.3d 759, 764 (8th Cir. 1995), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043, 1059 app. (8th Cir. 2011) (en banc); *cf. Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 401 (1990) (clarifying that "the abuse-of-discretion and clearly erroneous standards are indistinguishable" when reviewing factual findings). "A factual finding is clearly erroneous only if it is not supported by substantial evidence in the record, if it is based on

6

an erroneous view of the law, or if [the reviewing court is] left with the definite and firm conviction that an error was made." *Wildhawk Invs., LLC v. Brava I.P., LLC*, 27 F.4th 587, 595 (8th Cir. 2022) (quoting *Radiance Cap. Receivables Eighteen, LLC v. Concannon*, 920 F.3d 552, 559 (8th Cir. 2019)); *see also Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997) (applying the firm-conviction standard to a district court's review of a magistrate judge's "discovery-related decisions" under § 636(b)(1) and Rule 72(a)).

Mindful of its more-limited role on review, the Court will affirm if the magistrate judge's "account of the evidence is plausible in light of the record viewed in its entirety." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985). The magistrate judge's choice between "two permissible views of evidence . . . cannot be clearly erroneous." *Id.* at 474; *accord Jackson v. Payne*, 9 F.4th 646, 659 n.10 (8th Cir. 2021).

Having carefully applied these standards to Torres's objections, the Court finds no compelling reason to "modify or set aside any part of the" magistrate judge's Memorandum and Order denying Torres's motion for discovery. Fed. R. Civ. P. 72(a); *see also Vallejo v. Amgen, Inc.*, 903 F.3d 733, 742 (8th Cir. 2018) (explaining the Court's review of a discovery ruling is narrow and deferential). Both cogent and carefully explained, the magistrate judge's decision neither manifests an abuse of discretion nor leaves a "definite and firm conviction that" the magistrate judge made a material mistake of fact or law. *Hum. Rts. Def. Ctr. v. Baxter County*, 129 F.4th 498, 504 (8th Cir. 2025) ("We will reverse a finding of fact for clear error only if, despite evidence supporting the finding, the evidence as a whole leaves us with a definite and firm conviction that the finding is a mistake." (quoting *United States v. White*, 41 F.4th 1036, 1038 (8th Cir. 2022)); *see also Anderson*, 470 U.S. at 573-74.

In essence, Torres simply asks the Court to reweigh the evidence considered by the magistrate judge and draw different conclusions. That is not this Court's role on clear-error review at this stage. *See Anderson*, 470 U.S. at 573-74 (explaining the Court may not reverse a plausible account of the evidence, even if it might have weighed the evidence or

7

decided an issue differently); *cf. Inwood Lab'ys, Inc. v. Ives Lab'ys, Inc.*, 456 U.S. 844, 857-58 (1982) ("An appellate court cannot substitute its interpretation of the evidence for that of the trial court simply because the reviewing court 'might give the facts another construction, resolve the ambiguities differently, and find a more sinister cast to actions which the District Court apparently deemed innocent.'" (quoting *United States v. Real Estate Boards*, 339 U.S. 485, 495 (1950)).  At most, Torres offers an alternative, permissible view of the evidence in this case.  That is not proper grounds for reversal.  *See Anderson*, 470 U.S. at 574.

Because Torres has not shown the magistrate judge's denial of his request for discovery was "clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a), his objections (Filing No. 129) are overruled, and the magistrate judge's Memorandum and Order (Filing No. 128) is affirmed.

IT IS SO ORDERED.

Dated this 8th day of April 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge